UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 22-CR-

ERIN D. SCHWEITZER
a/k/a ERIN D. MARTIN,

        Defendant.

---

## PLEA AGREEMENT

---

1.    The United States of America, by its attorneys, Richard G. Frohling, United States Attorney for the Eastern District of Wisconsin, and Timothy W. Funnell and Andrew J. Maier, Assistant United States Attorneys for said district, and the defendant, Erin D. Schweitzer, a/k/a Erin D. Martin, individually and by attorney Michelle L. Jacobs, enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and, where specified below, under Rule 11(c)(1)(C).

## <u>CHARGES</u>

2.    The defendant has been charged in a three-count information, which alleges violations of Title 18, United States Code, Sections 113(a)(6), 1112, and 1153(a); the Menominee Tribal Motor Vehicle Code, Section 550-1; and the Wisconsin Motor Vehicle Code, Sections 346.05(1), 346.57(2), 346.63(1)(a), 346.63(1)(am), 346.63(1)(b), and 346.89(1).

3.    The defendant has read and fully understands the charges contained in the information. She fully understands the nature and elements of the crimes with which she has been

charged, and those charges and the terms and conditions of the plea agreement have been fully explained to her by her attorney.

4.     The defendant voluntarily agrees to waive prosecution by indictment.

5.     The defendant voluntarily agrees to plead guilty to the counts set forth in Attachment A.

6.     The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offenses in Attachment A. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove beyond a reasonable doubt the facts in Attachment B. The defendant admits the facts in Attachment B are true and correct and establish her guilt beyond a reasonable doubt. These facts are provided to set forth a factual basis for the defendant's guilty pleas and are not a full recitation of the facts underlying the offenses.

## PENALTIES

7.     The parties understand and agree that the offenses carry the following maximum terms of imprisonment and fines: Count One, 8 years and $250,000; Count Two, 10 years and $250,000; and Count Three, 10 years and $250,000. Each count also carries a special assessment of $100 and a maximum of 3 years of supervised release. The parties further recognize that a restitution order may be entered by the court.

8.     The defendant acknowledges, understands, and agrees that she has discussed the relevant statutes and United States Sentencing Guidelines with her attorney.

## ELEMENTS

9.     The parties understand and agree that to sustain the counts in the Information, the government must prove each of the following propositions beyond a reasonable doubt:

2

### **Count One: Involuntary Manslaughter**

<u>First</u>, on or about April 18, 2019, the defendant engaged in conduct that caused the death of K.R.L., a human being;

<u>Second</u>, such conduct occurred on the Menominee Indian Reservation;

<u>Third</u>, the defendant is a Native American Indian;

<u>Fourth</u>, K.R.L.'s death resulted from the following unlawful acts, namely, that the defendant drove motor vehicle #1:

    (a) across the solid-yellow center line and into the oncoming traffic lane, causing a head-on collision with motor vehicle #2 in which K.R.L. was a passenger;

    (b) at an unreasonable and imprudent speed;

    (c) while under the influence of an intoxicant, a controlled substance, and a combination thereof;

    (d) with a prohibited concentration of .238 grams of alcohol in 100 milliliters of the defendant's blood; and

    (e) with 3.2 nanograms of Delta-9 Tetrahydrocannibinol, a restricted controlled substance, in the defendant's blood; and

<u>Fifth</u>, the defendant acted with wanton or reckless disregard for human life, knowing that such conduct was a threat to human life or of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to human life.

### **Count Two: Assault Resulting In Serious Bodily Injury**

<u>First</u>, on or about April 18, 2019, the defendant assaulted W.M.B., a human being, by driving motor vehicle #1 under the circumstances described in Count One, thereby causing a head-on collision with motor vehicle #2 driven by W.M.B.;

<u>Second</u>, as a result, W.M.B. suffered serious bodily injury;

<u>Third</u>, such conduct occurred on the Menominee Indian Reservation; and

<u>Fourth</u>, the defendant is a Native American Indian.

### **Count Three: Assault Resulting In Serious Bodily Injury**

<u>First</u>, on or about April 18, 2019, the defendant assaulted S.A.B., a human being, by driving motor vehicle #1 under the circumstances described in Count One, thereby causing a head-on collision with motor vehicle #2 in which S.A.B. was a passenger;

<u>Second</u>, as a result, S.A.B. suffered serious bodily injury;

<u>Third</u>, such conduct occurred on the Menominee Indian Reservation; and

<u>Fourth</u>, the defendant is a Native American Indian.

Case 1:22-cr-00105-WCG   Filed 05/09/22   Page 3 of 11   Document 2

## SENTENCING PROVISIONS

10.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the United States Sentencing Guidelines ("USSG") when sentencing the defendant.

12.     The parties acknowledge and agree that they have discussed the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 5. The defendant acknowledges and agrees that her attorney in turn has discussed the applicable sentencing guidelines provisions with her to the defendant's satisfaction.

13.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

14.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create a right to be sentenced within any particular sentence range.

4

## Relevant Conduct

15.     The parties acknowledge, understand, and agree that pursuant to USSG Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Levels

16.     As to Count One, the parties agree to recommend to the sentencing court that the base offense level is 22 under USSG Manual § 2A1.4(a)(2)(B).

17.     As to each of Counts Two and Three, the parties agree to recommend to the sentencing court that the base offense level is 14 under USSG Manual § 2A2.2(a).

## Offense Characteristics and Grouping

18.     As to each of Counts Two and Three, the parties agree to recommend to the sentencing court a 5-level increase for serious bodily injury under USSG Manual § 2A2.2(b)(3).

19.     As to the combined offense level, the parties agree to recommend to the sentencing court a 3-level increase under USSG Manual § 3D1.4(a).

## Acceptance of Responsibility

20.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by USSG Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by USSG Manual § 3E1.1(b) because the defendant timely notified authorities of her intention to enter a plea of guilty.

5

## Sentencing Recommendations

21.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and based on the relevant factors in 18 U.S.C. § 3553(a), the parties agree that the appropriate disposition of the case is a total term of imprisonment of 51 months. The Court may accept the plea agreement, reject it, or defer a decision until the Court has reviewed the presentence report. If the Court accepts the plea agreement, this sentencing provision is binding on the Court.

22.     Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw her guilty pleas. If the defendant declines to withdraw her guilty pleas, the disposition of the case may be less favorable than that contemplated by the plea agreement, and the Court may impose a reasonable sentence above or below the calculated guideline range and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6.

23.     The defendant agrees and understands that other than the opportunity to withdraw her guilty pleas as outlined in paragraph 22 above, the defendant will not be allowed to withdraw her guilty pleas because of the Court's determinations at sentencing, including the calculation of the sentencing guidelines, other findings or rulings, or the sentence imposed.

## FINANCIAL MATTERS

24.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.  The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of

6

Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Fine

26.     The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

## Special Assessment

27.     The defendant agrees to pay the special assessment in the amount of $300 prior to or at the time of sentencing.

## Restitution

28.     The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation and understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

7

## DEFENDANT'S WAIVER OF RIGHTS

29.     In entering this agreement, the defendant acknowledges and understands that she

surrenders any claims she may have raised in any pretrial motion, as well as certain rights which

include the following:

     a.     If the defendant persisted in a plea of not guilty to the charges against her, she would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

     b.     If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

     c.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

     d.     At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and she would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

     e.     At such trial, defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

30.     The defendant acknowledges and understands that by pleading guilty she is waiving

all the rights set forth above. The defendant further acknowledges the fact that her attorney has

explained these rights to her and the consequences of her waiver of these rights. The defendant

further acknowledges that as a part of the guilty plea hearing, the court may question the defendant

8

under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31.     The defendant acknowledges and understands that she will be adjudicated guilty of the offenses to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32.     The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33.     Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives her right to appeal her conviction or sentence in this case and further waives her right to challenge her conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective

9

assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

34.     The defendant acknowledges and understands if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of her breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

35.     The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5-3-22

ERIN D. SCHWEITZER
a/k/a ERIN D. MARTIN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/6/2022

MICHELLE L. JACOBS
Attorney for Defendant

For the United States of America:

Date: 5/9/2022

RICHARD G. FROHLING
United States Attorney

Date: 5/9/2022

TIMOTHY W. FUNNELL
Assistant United States Attorney

11